OPINION OF THE COURT
Anthony J. Ferraro, J.
The individual defendants make this motion to dismiss the complaint upon the ground that it fails to state a cause of action against them.
The action is maintained by unit owners of a condominium for damages for alleged failure of the defendants to make adequate repairs and for an injunction. Among the damages claimed are property damages caused by leaking water, refund of common charges and pain, suffering and mental anguish.
The individual defendants are unit owners who are members of the board of managers.
This motion raises the novel question as to whether the board of managers can be held personally liable for the alleged negligence in the failure to make repairs and in the making of improper and inadequate repairs.
When the offering plan for the condominium in question was prepared and filed with the Attorney-General of the State of New York, the following provision was made: “In order to limit the liability of the Unit Owners, the members of the Board of Managers *** any contract or other commitment made by the Board of Managers *** shall *582 state that it is made by the Board of Managers *** only as agent for the Unit Owners * * * the Board of Managers * * * shall have no personal liability on any such contract or commitment * * * The Board of Managers shall have no liability to the Unit Owners for errors of judgment, negligence, or otherwise, except for willful misconduct or bad faith. The Unit Owners shall severally indemnify the members of the Board of Managers against any liability or claims except those arising out of bad faith or willful misconduct of the members of the Board of Managers”.
It was obviously the filed intention of those involved in the organization of this condominium to enable a number of unit owners, labeled as the board of managers, to represent all unit owners and to serve as their agent in obtaining benefits for all of them. As agents for the owners, they cannot be held responsible to them except for willful conduct or bad faith. For only under such circumstances would unit owners be willing to assume responsibility without compensation in an effort to improve the lot of all unit owners. This type of gratuitous quasi-public service should be encouraged by exoneration from personal liability rather than be discouraged by imposition of personal and individual liability. The liability should rather fall upon the owner of the condominium who engages in the formation, construction and operation of the complex for a profit.
The filing plan makes it clear that the board of managers are the alter ego of the unit owners who assume complete responsibility for all but their willful and wanton acts to such an extent as to hold them harmless and indemnify them for their negligent acts.
It is in accord with sound reasoning and good management to sustain the filed intention of the organizers of the condominium complex.
Motion granted.